# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATHAN LEE BARBER, JR., | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-14-455-D |
| JOHN WHETSEL, et al., | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state pretrial detainee being held at the Oklahoma County Correctional Center, brings this action seeking a writ of federal habeas corpus under 28 U.S.C § 2254. ECF No. 1.[1] The matter has been referred to the undersigned for initial review, the entry of non-dispositive orders, and the preparation of findings and any recommendation as to dispositive matters. *See* 28 U.S.C. § 636(b)(1)(A) and (C). Based upon an initial review of this matter, the undersigned recommends that the action be **DISMISSED ON FILING.**

## I. BACKGROUND

According to the Petition, Petitioner is being detained on two separate cases. CF-2011-1894 and CF-2013-3514, District Court of Oklahoma County. Petitioner identifies his crime as "driving under the influence," which is indeed the pending charge in the 2013 case. A review of the electronic docket sheets for the cases listed by Petitioner also show that the State has sought revocation of a five-year suspended sentence received in the 2011 case after Petitioner pleaded guilty to being in actual physical

---

[1] All page references will be to the ECF docketing system utilized by the Court.

control of a vehicle in violation of Okla. Stat. tit. 47, § 11-902(A)(1-4). It appears that the trial judge in Petitioner's 2011 case has consolidated the revocation case with Petitioner's pending DUI charge. *See* OSCN, Dockets CF-2011-1894 and CF-2013-3514, District Court of Oklahoma County (accessed June 18, 2014).

In this habeas action, Petitioner claims that he was denied medical care after being exposed to a hazardous substance, and seeks "All sentencing from CF-2011-1894 and CF-2013-3514 and $500,000.00 dollars for short and long term medical care and affects." ECF No. 1:14.

## II. DISCUSSION

### A. SCREENING REQUIREMENT

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to promptly examine a habeas petition and to summarily dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...." Rule 4, Rules Governing § 2254 Cases.

"[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day v. McDonough,* 547 U.S. 198, 209 (2006). Petitioner has such notice by this Report and Recommendation, and he has an opportunity to present his position by filing an objection to the Report and Recommendation. Further, when raising a dispositive issue *sua sponte*, the district court must "assure itself that the petitioner is not significantly prejudiced ... and determine whether the interests of justice would be better served by addressing the merits".... *See*

*Id.* (internal quotation marks omitted); *Thomas v. Ulibarri,* 214 F. App'x. 860, 861 n. 1 (10th Cir. 2007); *Smith v. Dorsey,* No. 93–2229, 1994 WL 396069, at *3 (10th Cir. July 29, 1994)(unpublished op.) (noting no "due process problem" concerns with the magistrate judge raising an issue sua sponte where petitioner could "address the matter by objecting" to the report and recommendation).

## B. ANALYSIS

A review of the Petition reveals no claim cognizable in a federal habeas action. "A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." *See McIntosh v. U.S. Parole Comm'n,* 115 F.3d 809, 812 (10th Cir. 1997) (quotation omitted). A petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is used to challenge the validity of a state court conviction. "In contrast, a civil rights action attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions." *Id.* (quotation and punctuation omitted). Accordingly, an attack on the constitutionality of the conditions of a prisoner's confinement is not cognizable in a habeas corpus proceeding and instead must be brought in a civil rights action initiated under 42 U.S.C. § 1983. *See Rael v. Williams,* 223 F.3d 1153, 1154 (10th Cir. 2000); *see also Sherratt v. Friel,* No. 07-4155, 2008 WL 313177, at *1 (10th Cir. Feb. 4, 2008) (affirming district court's dismissal of prisoner's suit brought pursuant to § 2254 that complained about the constitutionality of prison conditions, noting that such claims should be brought in a § 1983 civil rights action).

Insofar as the Petition challenges the constitutionality of the conditions of confinement that Petitioner has allegedly endured while held at the Oklahoma County Detention Center, the claim should be dismissed because it is cognizable only in a § 1983 civil rights action. *See Rael,* 223 F.3d at 1154; *see also Sherratt v. Friel,* No. 07-4155, 2008 WL 313177, at *1 (10th Cir. Feb. 4, 2008).

It is inappropriate here to re-characterize the Petition as one arising under § 1983 for two reasons: (1) because doing so "borders on advocacy," *see Richards v. Bellmon,* 941 F.2d 1015, 1019 n. 3 (10th Cir. 1991); and (2) such would enable Petitioner to circumvent the significantly higher fee required to file a civil rights complaint. With regard to the fee requirement, the undersigned notes that Petitioner filed a civil rights action on the same date he lodged the Petition now under review. *See* Case No. CIV-2014-454-C, United States District Court for the Western District of Oklahoma. In that case, Petitioner alleged the same facts as those in this action. On June 4, 2014, United States Magistrate Judge Gary M. Purcell recommended that the civil rights action be dismissed for failure to either pay the applicable filing fee or cure various deficiencies in the motion to appear *in forma pauperis*.

Furthermore, the existence of the other action pending leads the undersigned to recommend dismissal of this action without leave to amend. Dismissal with leave to amend to state a cognizable habeas claim is also not appropriate because Petitioner alleges that the criminal actions for which he is being detained are still pending. Thus, abstention would be appropriate under *Younger v. Harris,* 401 U.S. 37, 43 (1971). For

the above reasons, it is therefore recommended that this action with **DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND.**

## RECOMMENDATION

In light of the foregoing, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND** for failure to state a claim cognizable under 28 U.S.C. § 2254. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by **July 7, 2014,** in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri,* 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **disposes of all issues** referred to the undersigned Magistrate Judge in this matter.

**ENTERED** on June 20, 2014.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE